IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 203 C.D. 2017 |
| | : | Submitted: July 14, 2017 |
| Isaac B. Pearson, | : | |
| Appellant | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge (P.)
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: October 23, 2017

Isaac Bilal Pearson, *pro se*, appeals an order of the Court of Common Pleas of Lehigh County (trial court) that granted the Commonwealth of Pennsylvania's motion for forfeiture of $905 in cash.  The Commonwealth's motion alleged that the cash was contraband derived from promoting prostitution, 18 Pa. C.S. §5902(b)(3),[1] a crime for which Pearson was convicted.  The Commonwealth asserted that Pearson's conviction subjected the cash to common law forfeiture. After an evidentiary hearing, the trial court granted the motion.  Because the forfeiture was neither initiated under nor authorized by statute, we reverse.

---

[1] Section 5902(b)(3) of the Crimes Code provides:

> (b)    Promoting prostitution. —A person who knowingly promotes prostitution of another commits a misdemeanor or felony as provided in subsection (c) of this section. The following acts shall, without limitation of the foregoing, constitute promoting prostitution:

> * * *

> (3)    encouraging, inducing, or otherwise intentionally causing another to become or remain a prostitute[.]

18 Pa. C.S. §5902(b)(3).

On March 12, 2015, as part of a prostitution investigation, Allentown Police Detective Jason Krasley contacted a female, A.S., through a listing on www.backpage.com. Krasley met A.S. at a nearby motel, where she offered to have sexual intercourse with him in exchange for money. Krasley detained A.S. and questioned her. She admitted to prostitution and stated that she gives all of the money she earns, including $900 she had earned the night before, to "J." A.S. then placed a call to "J," who informed A.S. he was on his way to the motel to pick up his money. Shortly thereafter, Pearson arrived in a vehicle, and A.S. identified him as "J." The police detained Pearson and seized $905 in cash and three cell phones from his person. One of the phones was linked to the number A.S. had used to call "J." Pearson was arrested and charged with trafficking in individuals, promoting prostitution, and criminal use of a communication facility. He was found guilty of the aforementioned charges following a jury trial.

The Commonwealth filed a motion for forfeiture and condemnation of the $905, asserting that the money "was used or intended to be used to facilitate" prostitution. Certified Record (C.R.), Item No. 1, Motion for Forfeiture ¶6. The trial court held a hearing on April 19, 2016, where Detective Krasley testified about his conversation with A.S. on the day of the investigation:

> She then stated that … she was working for [Pearson] and that all the money that she made was handed over to [Pearson], and that the night prior she had given him $900 that was made by seeing dates or working as a prostitute.

> She placed a phone call to the phone number … 908-343-7621. A male answered, stated that they [sic] were on their [sic] way to pick up money. [Pearson] showed up a short time later in a silver vehicle. The female pointed him out and stated that that was the gentleman she was working for and that had her money, and he was taken into custody. He had $905 and three cell phones.

2

Notes of Testimony, 4/19/2016, at 6 (N.T. ___). On cross-examination, Krasley acknowledged that A.S.'s statement to Krasley was the only evidence connecting the $905 seized from Pearson to the crime of promoting prostitution. A.S. did not testify.

Pearson testified to support his contention that he had lawfully acquired the cash. On March 3, 2015, he received a college loan of $2,360.40. He was also collecting unemployment compensation benefits; the last check he received was on February 4, 2015. Pearson testified that he withdrew $500 from his bank account at TD Bank on December 23, 2014, and another $200 on March 10, 2015, which was two days prior to his arrest. He explained that he carried cash because he "[did not] like to use a debit card often." N.T. at 15. Pearson testified that he has never met A.S. and he "[has not] heard anything about her since the day that [he] was arrested." N.T. at 9-10.

The Commonwealth requested the trial court to take judicial notice of Pearson's conviction and argued that the $905 was derivative contraband subject to common law forfeiture. N.T. at 4; 17. The trial court granted the Commonwealth's motion for forfeiture, finding that "the $905.00 in United States currency was used or intended to be used to facilitate violation of the following: 18 Pa. C.S. §5902(b)(3) Promoting Prostitution.[ ]" C.R., Item No. 10, Trial Court Order. Pearson appealed.[2] In its PA. R.A.P. 1925(a) opinion,[3] the trial court explained:

---

[2] The appeal was initially filed with the Superior Court, which transferred the case to this Court on January 17, 2017.

[3] Rule 1925(a)(1) states, in relevant part, as follows:

> [U]pon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or

3

Here, there was a conviction of record tying the $905.00 to unlawful activity. The Commonwealth presented evidence – namely that *the money was gained through prostitution and handed over to Pearson – that established the cash was more likely than not used to facilitate prostitution.* I[n] making this determination, I considered Pearson's testimony and documents he presented, and afforded them the weight I believed they deserved. Since the Commonwealth met its burden by a preponderance of the evidence, I did not err in granting the motion for forfeiture and condemnation….

Trial Court 1925(a) opinion at 3; C.R., Item No. 11 at 3 (emphasis added).

On appeal,[4] Pearson argues that the trial court erred in ordering that the $905 seized from his person be forfeited because no controlled substance or contraband was recovered at the time of his arrest. Pearson Brief at 9. He further argues that the trial court's finding that the $905 was used to facilitate prostitution is "against the great weight of the evidence." *Id.* at 7. Pearson points out that the accuser, A.S., neither appeared at the hearing nor testified,[5] and he "can produce documentation as to exactly where the currency derives from." *Id.* Pearson argues that his due process rights were violated as a result.

for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

PA. R.A.P.1925(a)(1).

[4] In an appeal from a forfeiture proceeding, this Court determines whether findings of fact made by the trial court are supported by substantial evidence and whether the trial court abused its discretion or committed an error of law. *Commonwealth v. Freeman*, 142 A.3d 156, 160 n.4 (Pa. Cmwlth. 2016). Our scope of review over questions of law is plenary. *Id.*

[5] At the hearing, Pearson did not object to Detective Krasley's hearsay testimony regarding A.S.'s statement. A timely objection is required to preserve a matter for appeal. If evidence is admitted, a party preserves a matter for appeal by timely objecting and stating the specific ground for the objection. PA. R.E. 103(a). Accordingly, Pearson's hearsay objection is waived. *See also Matter of Kulbitsky*, 536 A.2d 458, 460 (Pa. Cmwlth. 1988) ("[C]ivil case rules of evidence apply in forfeiture proceedings.").

From the beginning, the Commonwealth asserted, both in its motion for forfeiture and at the hearing, that the $905 was connected to Pearson's conviction for promoting prostitution and, therefore, forfeitable at common law. The trial court's Rule 1925(a) opinion accepted this legal authority for the Commonwealth's forfeiture motion, stating:

> The Commonwealth's motion for forfeiture and condemnation is not based on a specific statute authorizing forfeiture, such as the Controlled Substance, Drug, Devices and Cosmetic Act,[6] 35 P.S. §780-113 et seq. and 42 Pa. C.S. §6801. Rather, it is based on the principle of common-law forfeiture, which allows the forfeiture of derivative contraband.

Trial Court 1925(a) opinion at 2; C.R., Item No. 11 at 2.

This Court has held that common law forfeiture does not exist in Pennsylvania. To the contrary, forfeiture "was never incorporated into or became part of our Commonwealth's common law tradition." *Commonwealth v. Irland*, 153 A.3d 469, 471 (Pa. Cmwlth. 2017), *appeal granted*, __ A.3d __ (Pa., 97 MAL 2017, filed July 18, 2017). In *Irland*, an individual displayed his handgun to the driver through the rear windshield of his vehicle, in an attempt to induce the driver behind him to increase the distance between the two vehicles. He entered a guilty plea to the summary offense of disorderly conduct, and the Commonwealth sought forfeiture of the handgun based on a theory of common law forfeiture. The trial court granted the Commonwealth's motion. This Court reversed, holding:

> [T]he Commonwealth's organic law, namely Article 9, Sections 18 and 19 of the Pennsylvania Constitution of 1790, denounces and effectively abolishes any notion of common law forfeiture

---

[6] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§780-101 – 780-144. At all times relevant to this appeal, the Controlled Substances Forfeiture Act was codified at 42 Pa. C.S. §§6801-6802. These sections were repealed by the Act of June 29, 2017, P.L. 247 (effective July 1, 2017). The Forfeiture Act is now codified at 42 Pa. C.S. §§5801-5808 (effective July 1, 2017).

and that the predominate, if not unanimous, weight of the authority has determined that common law forfeiture never made it across the seas to America. *Therefore, absent a statute that specifically authorizes the forfeiture of property, the Commonwealth and the courts have no authority to seek and order forfeiture of so-called derivative contraband.*

*Irland*, 153 A.3d at 471 (emphasis added).

Here, the Commonwealth sought forfeiture of the $905 based on Pearson's conviction of promoting prostitution under 18 Pa. C.S. §5902(b)(3). However, the Crimes Code does not authorize forfeiture as a sanction for this criminal conviction. Because there was no statutory authorization for the forfeiture of the $905 seized from Pearson, the trial court erred in granting the forfeiture.

Aware of this Court's holding in *Irland*, the Commonwealth urges this Court to affirm the trial court "based upon a different rationale." Commonwealth Brief at 8. The Commonwealth requests that we affirm the forfeiture under Section 3021 of the Crimes Code, 18 Pa. C.S. §3021.

Section 3021(a)(2) authorizes the forfeiture of cash seized in connection with human trafficking; it provides, in pertinent part, as follows:

(a) General rule. --The following shall be subject to forfeiture to this Commonwealth, and no property right shall exist in them:

\* \* \*

(2) *All assets within this Commonwealth*:

(i) Of an individual, entity or organization engaged in planning or perpetrating an act which violates section 3011 or 3012.

(ii) Acquired or maintained with the intent and for the purpose of supporting, planning, conducting or

6

concealing an act which violates section 3011 or 3012.

(iii) *Derived from, involved in or used or intended to be used to commit an act which violates section 3011 or 3012*.

18 Pa. C.S. §3021(a)(2) (emphasis added).[7]

Pearson was convicted of human trafficking pursuant to 18 Pa. C.S. §3011. However, the Commonwealth's forfeiture motion was based solely on his conviction of promoting prostitution under 18 Pa. C.S. §5902(b)(3), which is an independent and separate crime. The Commonwealth did not allege in its motion for forfeiture that the seized cash was connected to human trafficking or otherwise subject to forfeiture under Section 3021 of the Crimes Code. *See* 18 Pa. C.S. §3021(e)(2).[8] Nor did the Commonwealth present such evidence at the hearing. Its sole witness, Detective Krasley, testified only about his prostitution investigation.

---

[7] Section 3011(a)(1) of the Crimes Code provides that a person commits a felony of the second degree if the person "recruits, entices, solicits, harbors, transports, provides, obtains or maintains an individual if the person knows or recklessly disregards that the individual will be subject to involuntary servitude[.]" 18 Pa. C.S. §3011(a)(1). Section 3012 provides that a person commits a felony of the first degree "if the person knowingly… subjects an individual to labor servitude or sexual servitude…." 18 Pa. C.S. §3012(a).

[8] Section 3021(e)(2)(iii)(E) states:

  (e)    Proceedings and petition. –

      (2)    A petition shall:

* * *

         (iii)   contain the following:

* * *

            (E)   An allegation that the property is subject to forfeiture under this section and an averment of material facts upon which forfeiture is based.

18 Pa. C.S. §3021(e)(2)(iii)(E).

The statements by A.S. that Detective Krasley recounted during his testimony were not related to human trafficking.

Section 3021(k) of the Crimes Code provides that, to forfeit property derived from or involved in human trafficking, the Commonwealth carries the burden of proving "that the property in question was unlawfully used, possessed or otherwise subject to forfeiture under this section[.]" 18 Pa. C.S. §3021(k). The trial court found that the $905 "was more likely than not used to facilitate prostitution." Trial Court 1925(a) opinion at 3; C.R., Item No. 11 at 3. Because the Commonwealth did not allege, and the trial court did not find, that the $905 was connected to human trafficking, this Court cannot affirm the trial court based upon Section 3021 of the Crimes Code. It would also require this Court to substitute its own factual findings for those made by the trial court. This we cannot do. *Township of Salem v. Miller Penn Development*, *LLC*, 142 A.3d 912, 922 (Pa. Cmwlth. 2016) ("this Court may not reweigh the evidence or substitute its judgment for that of the trial court."). In short, the alternative ground for affirmance asserted by the Commonwealth is not legally cognizable.

Because common law forfeiture does not exist in Pennsylvania, and there is no statute authorizing forfeiture as a penalty for promoting prostitution, we reverse the order of the trial court.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania   :
  :
        v.   :   No. 203 C.D. 2017
  :
Isaac B. Pearson,   :
          Appellant   :

# **O R D E R**

AND NOW, this 23rd day of October, 2017, the order of the Court of Common Pleas of Lehigh County in the above-captioned case, dated April 19, 2016, is hereby REVERSED.

_____
MARY HANNAH LEAVITT, President Judge